FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 15, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CARLOS M.,<br><br>                Plaintiff,<br><br>   -vs-<br><br>MARTIN O'MALLEY, Commissioner of Social Security,[1]<br><br>                Defendant. | No.   2:23-CV-0033-WFN<br><br>ORDER |

Carlos M. [Plaintiff] brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for disability benefits. ECF No. 1. Attorney Jamie Cordell represents Plaintiff. Special Assistant United States Attorney Julie A.K. Cummings represents the Commissioner [Defendant]. After reviewing the administrative record and the briefs filed by the parties, the Court **AFFIRMS** the Commissioner's final decision.

## JURISDICTION

On June 6, 2003, Plaintiff was found disabled from congenital birth abnormalities as of December 1, 2002. Tr. 778–85. On December 4, 2017, it was determined Plaintiff was no longer disabled as of November 1, 2017. Tr. 195–200. Plaintiff contested that determination. Administrative Law Judge [ALJ] Stewart Stallings held a hearing on July 20, 2021, Tr. 43-66, and issued an unfavorable decision on September 22, 2021, Tr. 99–123. The

---

[1] This action was originally filed against Kilolo Kijakazi in her capacity as the acting Commissioner of Social Security. Martin O'Malley is substituted as the defendant because he is now the Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d).

ORDER - 1

Appeals Council reversed ALJ Stallings's decision and remanded for further proceedings on February 8, 2022. Tr. 124–32. ALJ Marie Palachuk held a second hearing on June 30, 2022, Tr. 67–83, and issued an unfavorable decision on July 25, 2022, Tr. 16–33. The Appeals Council denied review on December 7, 2022. Tr. 2–7. The ALJ's July 2022 decision is the Commissioner's final decision, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on February 7, 2023. ECF No. 1.

## FACTS

Plaintiff was born in 2002, Tr. 51, and was found disabled from congenital birth abnormalities, Tr. 778–85.. After years of surgeries and treatments, it was determined he was no longer disabled in 2017, when Plaintiff was fifteen years of age. Tr. 195–200. Plaintiff alleges he continued to be disabled until July 1, 2019, because he required multiple corrective surgeries with significant recovery times. ECF No. 8 at 7–8.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's legal conclusions *de novo* but gives deference to a reasonable interpretation of a statute the agency is charged with administering. *See McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The ALJ's decision will be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097–98 (9th Cir. 1999). Substantial evidence is more than a scintilla, but less than a preponderance. *Id*. at 1098. Put another way, "'[i]t means such relevant evidence as a reasonable mind might assess as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for the ALJ's. *Tackett*, 180 F.3d at 1097–98; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's decision is conclusive if it is supported by substantial evidence, even if conflicting evidence supports a finding of either disability or non-disability. *Sprague v. Bowen*, 812 F.2d 1226,

ORDER - 2

1229–30 (9th Cir. 1987). But a decision supported by substantial evidence will still be set aside if it is based on legal error. *Brawner v. Sec'y of Health & Hum. Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

A child qualifies for Title XVI supplemental security income benefits if he has "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner must periodically review a disabled child's continuing eligibility for benefits. 42 U.S.C. § 1382c(a)(3)(H)(ii)(I).

The Commissioner has established a three-step sequential evaluation process for determining whether a child continues to be disabled. 20 C.F.R. §§ 416.994a(b).

At step one, the ALJ determines whether there has been medical improvement in the impairments that were present at the time of the most recent favorable determination. 20 C.F.R. § 416.994a(b)(1). The most recent favorable determination is called the "comparison point decision" [CPD]. SSR 05-03p. Medical improvement means a decrease in medical severity, except for minor changes, and must be shown by changes in symptoms, signs, or laboratory findings. 20 C.F.R. § 416.994a(c). If there has not been medical improvement, the child is still disabled unless an exception applies. 20 C.F.R. § 416.994a(b)(1). If there has been medical improvement, the ALJ proceeds to step two.

At step two, the ALJ determines whether impairments found in the CPD still meet or equal the severity of the listed impairments they met or equaled at the time of the CPD. *See* 20 C.F.R. § 416.994a(b)(2); SSR 05-03p. If so, the child is still disabled unless an exception applies. 20 C.F.R. § 416.994a(b)(2). If not, the ALJ proceeds to step three. *Id.*

At step three, the ALJ determines whether the child is currently disabled considering all impairments, including those not considered in the CPD. 20 C.F.R. § 416.994a(b)(3). If the new impairments cause more than minimal functional limitations, then they are severe. 20 C.F.R. § 416.924(c). If the impairments are severe the ALJ will determine

ORDER - 3

whether they meet or equal the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. 20 C.F.R. § 416.994a(b)(3)(ii). If so, disability continues. *Id.* If not, the ALJ determines whether the impairments functionally equal the listings. *Id.* If so, disability continues. *Id.* If not, disability has ended. *Id.*

## ADMINISTRATIVE DECISION

On July 25, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 16–33.

Preliminarily, the ALJ noted Plaintiff had been found disabled as of December 1, 2002. Tr. 16, 21. This was the Comparison Point Decision [CPD]. Tr. 21. At the time of the CPD, Plaintiff had the following medically determinable impairments: "congenital abnormalities; bilateral cleft palate; Pierre-Robin syndrome; [and] gastrostomy feeding tube," and those impairments were found to functionally equal the listings. Tr. 21–22.

At step one, the ALJ found medical improvement as of November 1, 2017. Tr. 22.

At step two, the ALJ found that the impairments Plaintiff had at the time of the CPD no longer functionally equaled listed impairments. Tr. 22–23.

At step three, the ALJ determined Plaintiff had the following severe impairments as of November 11, 2017: Pierre-Robin syndrome with associated cleft lip, cleft palate, and other facial deformities; right hearing loss; [and] communication disorder." Tr. 23. The ALJ then determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments as of November 11, 2017. *Id.* Finally, the ALJ found Plaintiff did not have an impairment or combination of impairments that functionally equaled one of the listed impairments as of November 1, 2017. *Id.*

The ALJ thus concluded Plaintiff's disability ended as of November 1, 2017. Tr. 32.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether the decision is based on proper legal standards.

ORDER - 4

Plaintiff contends the ALJ erred by (1) determining Plaintiff's impairments did not functionally equal a listing, ECF No. 8 at 8–10, and (2) improperly evaluating medical opinion evidence, *id.* at 10–11.

# DISCUSSION

**(1) Step Three**

Plaintiff contends the ALJ erred by determining Plaintiff's impairments did not functionally equal a listing. *Id.* at 8–10.

To determine whether a child's impairment functionally equals a listed impairment, the ALJ assesses the child's functioning in six areas: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for one's self; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)–(vi). If the child has "marked" limitations in at least two areas, or an "extreme" limitation in at least one area, then the child's impairment functionally equals a listed impairment. 20 C.F.R. § 416.926a(a). A "marked limitation" is one that "interferes seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). An "extreme limitation" is one that "interferes very seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i).

Here, the ALJ found that as of November 1, 2017, Plaintiff had no limitations in: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; or (5) caring for one's self. Tr. 28–29. The ALJ found "less than marked limitation in [6] health and physical well-being." Tr. 29.

Plaintiff argues the ALJ erred because Plaintiff has marked limitations in both "attending and completing tasks" and "health and physical well-being." ECF No. 8 at 8–10. Specifically, Plaintiff argue the ALJ should have found marked limitations in attending and completing tasks because Plaintiff had twenty-five absences from school due to his March 2019 surgery, and because Plaintiff required preferential seating and increased face-to-face

ORDER - 5

communication to accommodate his hearing difficulty. *Id.* at 10. However, attending and completing tasks "covers only the mental aspects of task completion[,] such as the mental pace that a child can maintain to complete a task." SSR 09-4p. Plaintiff's argument regarding attending and completing tasks misses the mark because it does not address the mental aspects of task completion. *See id.* Therefore, the Court affirms the ALJ's finding that Plaintiff has no limitations in attending and completing tasks.

Regarding health and physical well-being, Plaintiff argues the ALJ should have found marked limitations because Plaintiff had some difficulties with speech, swallowing, and breathing that were addressed through surgeries with lengthy and difficult recoveries. ECF No. 8 at 8–10. The Court affirms the ALJ's finding because it is supported by substantial evidence. *See Morgan*, 169 F.3d at 599. The ALJ acknowledged that Plaintiff continued to undergo surgery related to Pierre-Robin syndrome. Tr. 29. But the ALJ also observed that Plaintiff had good surgical outcomes, did well in school, qualified for college and made a plan to attend, and participated in sports. Tr. 29. Although Plaintiff had somewhat abnormal speech, he did not require speech therapy and his teachers reported that they had no real difficulty understanding him. Tr. 30. Plaintiff cites evidence in the record to support his argument, ECF No. 8 at 8–10, but the Court must accept the ALJ's interpretation of the evidence because it is reasonable, *see Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004). Therefore, the ALJ did not err by finding Plaintiff had less than marked limitation in health and physical well-being. Besides, even if the ALJ had erred, any error would be harmless because a marked limitation in only one area is not enough to functionally equal the listing. *See* 20 C.F.R. § 416.926a(a).

**(2) Medical Evidence**

Plaintiff argues the ALJ erred by improperly evaluating medical opinion evidence. ECF No. 8 at 10–11.

Because this claim was filed before March 27, 2017, the previous framework for evaluating opinion evidence applies. *See Revisions to Rules Regarding the Evaluation*

ORDER - 6

*of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c, 416.927. There are three types of physicians under that framework: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but examine the claimant's file] (non-examining physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201–02 (9th Cir. 2001). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a non-examining physician's. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.*

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only for "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.*

Plaintiff asserts that "[t]he ALJ dismissed all treating physicians' opinions without reason or evaluation." ECF No. 8 at 11. But Plaintiff does not point to any specific medical opinion that the ALJ rejected or explain how any rejected medical opinions may have changed the outcome. *See id.* Therefore, Plaintiff has failed to show harmful error. *See Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007) ("Bare assertions and lists of facts unaccompanied by analysis and completely devoid of caselaw fall far short of the requirement that counsel present 'appellant's contentions and the reasons for them.'"). Plaintiff also asserts that the ALJ erred by not "evaluat[ing] the evidence of Plaintiff's palate surgery and subsequent emergency surgery due to hemorrhage." ECF No. 8 at 11. However, a medical opinion is a statement about the nature and severity of the claimant's impairments, *see* 20 C.F.R. § 404.1537(a)(1). Because "evidence of Plaintiff's palate surgery and subsequent emergency surgery" is not a statement about the nature and severity of claimant's

ORDER - 7

impairments, Plaintiff has not shown that the ALJ erred in the evaluation of any medical opinion.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the Commissioner's final decision is supported by substantial evidence and free of legal error. The Court has reviewed the briefs and the file and is fully informed Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Brief, filed September 13, 2023, **ECF No. 8**, is **DENIED.**

2. Defendant's Brief, filed October 13, 2023, **ECF No. 10**, is **GRANTED**.

The District Court Executive is directed to file this Order and provide copies to counsel. **Judgment shall be entered for Defendant** and the file shall be **CLOSED**.

**DATED** this 15th day of February, 2024.

02-11-24

_____
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 8